FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2012 NOV 26 PM 2 59
STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KEITH RUSSELL JUDD, <br><br> Plaintiff, <br><br> vs. <br><br> WYOMING SECRETARY OF STATE; STATE OF WYOMING, <br><br> Defendants. | Case No. 2:11-CV-00202-CAB |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER

This matter originally came before the Court on a *pro se* Prisoner Civil Rights Complaint by Keith Russell Judd [Plaintiff] [Doc. 1], which the Court dismissed as "utterly frivolous." [Doc. 3]. Plaintiff thereafter filed an appeal with the Tenth Circuit Court of Appeals [Doc. 9], which was dismissed for failure to prosecute. [Doc. 16].[1] Plaintiff has now filed a "Motion for Relief from Judgment or Order under the Twenty Fourth Amendment; and Motion to Amend for Court Order to Register All Convicted and Incarcerated Felons to Vote in All Federal Elections and Caucuses and Democratic National Convention; and for

---

[1] Plaintiff is under a filing restriction in the Tenth Circuit [Doc. 13], and failed to comply with those restrictions.[Doc. 16].

Order to Remove Barack Obama from State's 2012 Presidential Primary Election Ballot/Caucus and Award All Delegates to Keith Judd, Presidential Candidate." [Doc. 18]. The Court, in light of the fact Plaintiff is appearing *pro se*, will liberally construe his latest pleading as a motion filed pursuant to Rule 60(b), Fed. R. Civ. P. *Jordan v. Sosa*, 654 F.3d 1012, 1018, fn. 7 (10th Cir. 2011); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The Court, for the reasons outlined hereafter, FINDS Plaintiff's Motion should be DENIED.

The motion by Plaintiff is, on it's face, patently frivolous. He asserts the Twenty Fourth Amendment guarantees him a constitutional right to vote in the "Democratic National Convention." [Doc. 18, p. 1], and it is also somehow a violation of the First Amendment for a vice-presidential candidate to be selected at a national convention. [Doc. 18, pp. 1, 2]. He further asserts the Tenth Amendment prevents states from denying convicted felons the right to vote in federal elections. [Doc. 18, p. 3].

Plaintiff further asserts the "State Democratic Party has failed and refused to submit Keith Judd's name as a Democratic Candidate for President of the United States, and the Secretary of State/Board of Elections, etc., has failed and refused to place the name of Keith Judd on the State's 2012 Presidential Primary Ballot or Caucus." [Doc. pp. 3, 4]. His final two allegations assert Barack Obama is neither a natural born citizen, nor a citizen of the United States. [Doc. pp. 4, 5]. He requests an order to register all convicted felons to vote in

the 2012 federal elections; for the removal of Barack Obama from the State's 2012 Presidential ballot; and to award all delegates to him as a Democratic candidate for President. [Doc. p. 5]. The motion by Plaintiff is thus not only utterly frivolous, it is, after the November 6, 2012, general election, clearly moot.

The motion by Plaintiff is, as well, not timely filed. The only theory for Plaintiff's motion even remotely applicable under a generously liberal interpretation thereof is an allegation of "misconduct by an opposing party" pursuant to R60(b)(3). Any motion which relies on subsection (b)(3), in order to be timely, must have been filed within one year of the Court's order and judgment entered June 6, 2011. Rule 60(c)(1), Fed. R. Civ. P. The current motion by Plaintiff was filed August 6, 2012, a full two months beyond the one-year deadline of June 6, 2012. And the fact Plaintiff had filed an appeal challenging the June 6, 2011, order and judgment which dismissed his complaint did not toll the one-year period.

> By its terms, the one-year time limit in Rule 60(b) runs from the date the judgment was "entered" in the district court; it does not run from the date of an appellate decision reviewing that judgment, **nor does the pendency of an appeal toll the one-year period**.

*The Tool Box, Inc. v. Ogden City Corporation*, 419 F.3d 1084, 1088, 1089 (10th Cir. 2005)(emphasis added). *See also, Griffin v. Reid*, 259 Fed. Appx. 121, 123 (10th Cir. 2007)(quoting *The Tool Box, Inc. v. Ogden City Corporation*, 419 F.3d at 1088).

The Court, for the reasons stated herein, finds the Motion for Relief from Judgment or Order by Plaintiff is both frivolous and not timely filed. The same is, therefore, **HEREBY DENIED**.

Dated this 26? day of November, 2012.

_____
CLARENCE A. BRIMMER
UNITED STATES DISTRICT JUDGE